**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**BRENDAN A. HURSON**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0782**
**MDD_BAHChambers@mdd.uscourts.gov**

November 28, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:     *Timothy S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
        Civil No. 21-3056-BAH

Dear Counsel:

On November 30, 2021, Timothy S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits.  ECF 1.  This case was then referred to me with the parties' consent.  *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021).  I have considered the record in this case (ECF 7), the parties' cross-motions for summary judgment (ECFs 12 and 15), and Plaintiff's response (ECF 18).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision.  This letter explains why.

### I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on May 28, 2019, alleging a disability onset of May 1, 2017.  Tr. 20.  Plaintiff's claim was denied initially and on reconsideration.  Tr. 123–26; 129–31.  On March 11, 2021, an Administrative Law Judge ("ALJ") held a hearing.  Tr. 43–65.  Following the hearing, on May 18, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame.  Tr. 17–42.  The Appeals Council denied Plaintiff's request for review, Tr. 6–11, so the ALJ's decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

### II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step

---

[1] 42 U.S.C. §§ 301 et seq.

*Timothy S. v. Kijakazi*
Civil No. 21-3056-BAH
November 28, 2022
Page 2

sequential evaluation process.  *See* 20 C.F.R. § 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 28, 2019.  Tr. 23.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "arthritis in both hips, degenerative disc disease (DDD, sciatica), Chronic Obstructive Pulmonary Disease (COPD), migraines, intellectual disorder, [and] unspecified depression with anxious distress and alcohol abuse."  *Id*.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "impingement syndrome (right shoulder pain), Lyme's [sic] disease, hypertension, and obstructive sleep apnea."  *Id*.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  *Id*.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he can never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; can have occasional exposure to fumes, odors, dusts, gases and poor ventilation and can never be exposed to vibration and hazards, such as dangerous moving machinery and unprotected heights; he can have moderate noise intensity level; he can understand, remember and carry out simple instructions and make simple work related decisions; he can work at a consistent pace throughout the workday, but not at a production rate pace, such as on an assembly line or work involving monthly or hourly quotas; he can tolerate occasional interaction with coworkers, supervisors and the public; and he can tolerate occasional changes in work setting.

Tr. 28.  The ALJ determined that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy.  Tr. 36.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 38.

## III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence.").  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).

*Timothy S. v. Kijakazi*
Civil No. 21-3056-BAH
November 28, 2022
Page 3

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.""). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained her findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV.    ANALYSIS

Plaintiff raises one main argument on appeal: that the ALJ failed to support Plaintiff's RFC determination with substantial evidence. ECF 12-1, at 9–20. Specifically, Plaintiff contends that the ALJ's discussion "fails to provide any logical bridge between the summary of the evidence of record and her ultimate conclusion that Plaintiff could perform the requirements of light work." *Id.* at 13. Plaintiff states that "[t]he critical distinction between light and sedentary work are the standing, walking, and lifting requirements of each exertional occupational base."[2] *Id.* at 20. Had the ALJ found Plaintiff capable of only sedentary work, Plaintiff contends that the ALJ would have been required to find Plaintiff disabled. *Id.* at 10–11, 20. Because, in Plaintiff's estimation, the ALJ did not adequately explain why Plaintiff met the standing, walking, and lifting requirements of light work with a narrative discussion and a function-by-function analysis, Plaintiff argues that the ALJ committed reversible error. *Id.* at 20. Defendant counters that the ALJ's "finding that Plaintiff had the ability to perform the standing and walking requirements of light work is supported by substantial evidence" because the ALJ "properly considered the record and came to reasonable conclusions" based upon the evidence therein. ECF 15-1, at 5–6.

As stated above, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman*, 829 F.2d at 517. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained her findings and rationale in crediting the evidence. *See, e.g.*, *Sterling*, 131 F.3d at 439–40.

Against this backdrop, the Court considers Plaintiff's claim that the ALJ's RFC analysis is not supported by the required narrative discussion and function-by-function analysis. "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting

[2] Plaintiff cites to the definitions for "physical exertion requirements" provided in 20 C.F.R. § 404.1567. ECF 12-1, at 10 n.7. However, since this appeal involves SSI benefits, the relevant definitions are the identical provisions found in 20 C.F.R. § 416.967.

*Timothy S. v. Kijakazi*
Civil No. 21-3056-BAH
November 28, 2022
Page 4

*Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)).  "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).  In *Mascio*, the Court held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Id.* at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)).

Here, unlike in *Mascio* and *Dowling*, the ALJ amply supported her RFC determination with substantial evidence.  The ALJ engaged in a narrative discussion of Plaintiff's medical evidence spanning approximately seven pages and citing specific medical evidence in the record.  Tr. 28–35.  The ALJ logically explained how this evidence, coupled with multiple Function Reports and prior administrative medical findings, lead the ALJ to the conclusion that Plaintiff has the capacity to perform light work.  *Id.*  For example, the ALJ noted that Plaintiff's testimony regarding his daily activities did not support a finding of disability because Plaintiff admitted that he "take[s] care of himself and a dog in a tent, handle[s] his personal care independently, go[es] out alone, and use[s] public transportation," and because Plaintiff's "treatment is sporadic and conservative as well as inconsistent[,] with [Plaintiff] going months or years without treatment and/or medication."  Tr. 34.  As such, the ALJ concluded that, "while the evidence shows that [Plaintiff] has some physical and mental symptoms, a thorough review of the . . . objective medical evidence, the opinions . . . discussed above, and [Plaintiff's] actual range of daily activities demonstrate[s] that he has the residual functional capacity to perform light work . . . ."  Tr. 36.

Despite the ALJ's ample narrative discussion, Plaintiff argues that the ALJ nonetheless failed to adequately explain her conclusions regarding Plaintiff's capacity for light work, despite Plaintiff's documented difficulties with standing, walking, and extending his right arm.  ECF 12-1, at 14–19.  To be sure, the ALJ considered evidence from several of Plaintiff's previous medical examinations showing that Plaintiff "was unable to extend his arm more than 90 degrees," "ambulated with difficulty," and "ha[d] difficulty standing for 5-15 minutes."  Tr. 30–31.  The ALJ further stated that these medical findings were "generally consistent with the evidence of record."  Tr. 31.  Nonetheless, the ALJ ultimately concluded (as discussed above) that a finding of light work was appropriate in this case due to, among other things, Plaintiff's admitted ability to care for himself and others, and the fact that he only sporadically sought medical treatment for his symptoms.  Tr. 34.  Further, a careful review of the ALJ's narrative discussion makes clear that: (1) the ALJ considered Plaintiff's daily activities in conjunction with the remainder of the record evidence; and (2) the ALJ comprehensively summarized the contents of Plaintiff's hearing testimony and Function Reports.  Tr. 28–35.  As such, Plaintiff's argument that the ALJ "cherry-picked" evidence of his daily activities in order to reach an unfavorable RFC determination is unavailing.  ECF 12-1, at 20.

In sum, Plaintiff's argument that the ALJ improperly determined Plaintiff's standing, walking, and extending abilities amounts to a request to reweigh the evidence.  However, "[t]his court does not reweigh evidence or make credibility determinations in evaluating whether a

*Timothy S. v. Kijakazi*
Civil No. 21-3056-BAH
November 28, 2022
Page 5

decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fisk v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Although reasonable minds may differ as to whether Plaintiff's documented medical issues warranted an RFC finding of light work, the Court must uphold the ALJ's determination because it is supported by substantial evidence.

## V.   **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED and Defendant's motion for summary judgment, ECF 15, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge